UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GERALD CAMMACK, JR.                                                                                          PETITIONER

V.                                                                                    CIVIL ACTION NO. 5:23-CV-52-DCB-ASH

WARDEN HERBERT YOUNG                                                                                       RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Gerald Cammack, Jr., filed this habeas petition under 28 U.S.C. § 2241 challenging his detention by Pike County, Mississippi. Respondent initially sought dismissal based on Cammack's failure to exhaust. In a supplement, Respondent explained that Cammack has since been released from Pike County custody. The undersigned therefore recommends Cammack's petition be dismissed without prejudice as moot.

I.     Facts and Procedural History

In August 2021, a Pike County grand jury indicted Cammack and two others for aggravated assault and conspiracy to commit aggravated assault. On November 14, 2022, Cammack pleaded guilty to an amended charge of accessory after the fact to aggravated assault. The Pike County Circuit Court sentenced him to a ten-year term of incarceration with the Mississippi Department of Corrections, with the entire sentence suspended, and five years of probation under MDOC's supervision. Cammack's conditions of supervision included prohibitions on "hav[ing] in his . . . dominion, control or possession [any] narcotics or other controlled substance or drug paraphernalia of any kind" and "violat[ing] any laws of the United States or any state thereof." Change of Plea and Sentence [12-3] at 2, 3.

Just over a month later, on December 21, 2022, Cammack was arrested in Marion County for possession of a controlled substance, possession of a stolen firearm, and providing false

information to a law enforcement officer. On January 5, 2023, Cammack's probation officer signed a petition to revoke his probation in Pike County Circuit Court. That same day, Cammack signed a Waiver of Right to Preliminary Probation Revocation Hearing; that form "request[ed] that [Cammack] be granted a formal Revocation Hearing before the Circuit Court of Pike, Mississippi." Waiver [12-5]. On March 30, 2023, the Pike County Circuit Court entered an order continuing the hearing, indefinitely, on the petition to revoke Cammack's probation.

Cammack filed this habeas petition on June 5, 2023, seeking release from custody.[1] On February 24, 2024, the Pike County Circuit Court entered an order withdrawing the warrant for Cammack's arrest for violation of his supervised release. Withdrawal of Post Release Supervision Warrant [17-2]. Respondent Herbert Young, the warden of the Pike County Detention Center, has represented to the Court that Cammack was released from the custody of Pike County on February 28, 2024. Supp. Resp. [17]. This is corroborated by the mail the Court sent to Cammack on March 11, 2024, which was returned as undeliverable. *See* Returned Mail [15].

II.     Analysis

Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," including a pretrial detainee. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). But a habeas case in which a petitioner seeks

---

[1] Apparently due to overcrowding, Pike County Detention Center eventually began detaining Cammack at the Hancock County Detention Center. *See* Mot. to Dismiss [12] at 1; *accord* Cammack's Ltr. [7].

2

release becomes moot upon the prisoner's release from custody. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). Because Cammack has now "received the sole relief sought in h[is] petition: release from confinement," the undersigned recommends his petition be dismissed without prejudice as moot. *Id.*

III.     Notice of Right to Object

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of May, 2024.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).