IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GERALD CAMMACK, JR.                                              PETITIONER

V.                              CIVIL ACTION NO. 5:23-cv-52-DCB-ASH

WARDEN HERBERT YOUNG                                            RESPONDENT

<u>ORDER ADOPTING THE REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Magistrate Judge Harris's Report & Recommendation ("Report") [ECF No. 18], concerning Gerald Cammack, Jr.'s ("Petitioner") Habeas Petition [ECF No. 1] under 28 U.S.C. § 2241 and Warden Herbert Young's ("Respondent") Motion to Dismiss [ECF No. 12] for failure to exhaust and Supplement to Motion to Dismiss [ECF No. 17] indicating Petitioner's release from custody. The Report was entered June 21, 2024, and objections to it were due by July 5, 2024. No party has filed an objection, and the time to do so has elapsed.

Judge Harris provided the following background information on Petitoner's Habeas Petition:

[Petitioner] filed this habeas petition on June 5, 2023, seeking release from custody. On February 24, 2024, the Pike County Circuit Court entered an order withdrawing the warrant for [Petitioner's] arrest for violation of his supervised release. [ECF No. 17-2]. Respondent

1

> . . . has represented to the Court that [Petitioner] was released from the custody of Pike County on February 28, 2024. [ECF No. 17]. This is corroborated by the mail the Court sent to [Petitioner] on March 11, 2024, which was returned as undeliverable. [ECF No. 15].

[ECF No. 18] at 2.

After considering Respondent's Motion to Dismiss [ECF No. 12] and Supplement to Motion to Dismiss [ECF No. 17], the record, and relevant legal authority, Judge Harris entered this Report and recommends that Petitioner's Habeas Petition be denied as moot because "a habeas case in which a petitioner seeks release becomes moot upon the prisoner's release from custody." [ECF No. 18] at 2 (citing Herndon v. Upton, 985 F.3d 443, 446 (5th Cir. 2021)).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Accordingly, the Court agrees with Judge Harris's recommendation. The Report [ECF No. 18] is hereby ADOPTED and Petitioner's Habeas Petition is DISMISSED WITHOUT PREJUDICE AS MOOT.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 7th day of August, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE